112 F.3d 88
 B.F. GOODRICH; Upjohn Company; Dow Corning Corporation;
Environmental Waste Resources, Inc.; Reynolds Aluminum
Building Products Company; Uniroyal Chemical Co., Inc.;
White Consolidated Industries; Kerite Company; Unisys
Corporation; Risdon Corp.; Hoechst Celanese Corporation;
Cadbury Beverages, Inc.; Coltec Industries, Inc.; Ken-Chas
Reserve Co.; United States of America; State of
Connecticut; Naugatuck Glass Co.; Naugatuck Treatment Co.,
Plaintiffs-Appellants,
v.
John BETKOSKI; George Clark; Armstrong Rubber Company;
Thomas Ashmore; Borough of Naugatuck; Bristol Flowed
Gasket Company; Connecticut Resources Recovery Authority;
Dee's, Inc., also known as Dee's Refuse, Inc.; Derby Tire
Company; Eastern Company; General Roofing & Sheet Metal
Co., Inc.; Gerald Metals, Inc.; C.R. Gibson Company;
Hospital Marketing Services Co., Inc.; Ideal Manufacturing
Co.; Jacob Brothers, Inc.; Litton Systems, Inc., also
known as Winchester Electronics; Manafort Brothers, Inc.;
Nasco, Inc.; New Haven Housing Authority; Northeast
Utilities; Frank Perrotti & Sons, Inc.; Quality Rubber
Co.; Sanitary Refuse Co., Inc.; Seymour Brass Turning Co.;
Sperry Rand Corporation; Stauffer Chemical Company; Town
of Middlebury; Town of Thomaston; Town of Woodbury;
Triangle Industries, Inc.; Turner Construction Company;
U.S. Prolam, Inc.; Waterbury Companies, Inc.; Watertown
Housing Authority; Zollo Drum Company, Inc.; Atlantic
Richfield Co.; Adam's Service Station; Armand's Auto
Service; High Ridge Apartments; Ashmore Trucking; Beacon
Outing Club; Brass Rail Restaurant; Coffee Shop; Crelan
Constr. Co.; Ct. Sheet Metal/Wood Co.; Daddio's; David
Rupsis; Edward Betowski; Elk's Lodge # 967; George's
Floor Covering; Horizon Homes; Korvette Services; Latella
Carting Co.; Lombard Bros., Inc.; Long Meadow Cafe;
McDonald's Restaurant; Meyers & Schwartz; Neal's Coffee
Shoppe; Nelson Mendes; Portanova Trucking Co.; Portuguese
Club; Ray's Hardware; Shore's Auto Parts; Steve's Tires;
Stop & Shop; Triangle Services; Trowbridge Apts.; Valley
Motor Trailer Sales; Valley Mobile Homes Park; Vieira
Agency; Waterbury Pressed Metals; Town of Bethany; City
of Waterbury; Capozziello Brothers; Town of Killingworth;
Town of Beacon Falls; Naugatuck Y.M.C.A.; E. Eric Arsan
Refuse; John Ashmore; Joseph Betkoski; Connecticut
Pharmacare, Inc., doing business as Ford Pharmacy; First
National Supermarkets, Inc.; P. Francini Company; Town of
Hamden; Jetzon Tire Co.; City of Milford; NRS Carting
Co., Inc.; Town of Orange; Peter Paul Cadbury; Town of
Plymouth; Town of Seymour; Town of Stratford; Town of
Watertown; Town of Westport, Defendants-Appellees.
 Nos. 1268-1271, Dockets 95-6074, 95-6088, 95-6090 and 95-6098.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 6, 1997.
Decided April 25, 1997.
 
 Peter A. Appel, Washington, D.C. (David C. Shilton, Peter M. Flynn, Department of Justice, Washington, D.C.; Lois J. Schiffer, Assistant Attorney General, Christopher F. Droney, United States Attorney, John B. Hughes, Assistant United States Attorney, New Haven, Connecticut; Daniel H. Winograd, Margery Adams, EPA Region I, Boston, Massachusetts, of counsel), for Plaintiff-Appellant United States.
 Kenneth N. Tedford, Assistant Attorney General, Hartford, Connecticut (Richard Blumenthal, Attorney General, Robert D. Snook, Assistant Attorney General, State of Connecticut, Hartford, Connecticut, of counsel), for Plaintiff-Appellant State of Connecticut.
 JOHN O'LEARY, Portland, Maine (Catherine R. Connors, David P. Littell, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Maine, of counsel), for Plaintiff-Appellant Members of the Laurel Park Coalition.
 Nicholas J. Harding, West Hartford, Connecticut (Kosloff & Harding, West Hartford, Connecticut, of counsel), for Defendants-Appellees NRS Carting Company, Inc.; and Zollo Drum Company, Inc.
 Robert D. Fox, John F. Gullace, Manko, Gold & Katcher, Bala Cynwyd, Pennsylvania, of counsel, filed a brief on behalf of Amicus Curiae National Solid Waste Management Association in support of petition for rehearing.
 William G. Beck, Alok Ahuja, Lathrop & Gage L.C., Kansas City, Missouri, of counsel, filed a brief on behalf of Amicus Curiae Browning-Ferris Industries, Inc. in support of petition for rehearing.
 Before: CARDAMONE, WALKER, and McLAUGHLIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following our November 1, 1996 decision in this case, B.F. Goodrich v. Betkoski, 99 F.3d 505 (2d Cir.1996), familiarity with which is assumed, defendants-appellees NRS Carting Co., Inc. and Zollo Drum Company, Inc. petitioned for rehearing with respect to our determination that federal common law governs the question of successor liability under CERCLA. Appellees suggest that our choice of federal common law to govern the issue is inconsistent with the approach set forth in Pescatore v. Pan American World Airways, Inc., 97 F.3d 1 (2d Cir.1996), for deciding when state law should be displaced in favor of a federal common law rule. We disagree. Although we deny the petition, we write to clarify our prior opinion.
 
 
 2
 As we noted in Pescatore, when determining whether to fashion a special federal rule, we consider "(1) whether the issue requires 'a nationally uniform body of law'; (2) 'whether application of state law would frustrate specific objectives of the federal program[ ]'; and (3) whether 'a federal rule would disrupt commercial relationships predicated on state law.' " 97 F.3d at 10 n. 7 (quoting United States v. Kimbell Foods, Inc., 440 U.S. 715, 728-29, 99 S.Ct. 1448, 1458-59, 59 L.Ed.2d 711 (1979)). In conducting this analysis, we bear in mind that absent a "significant conflict between some federal policy or interest and the use of state law," a mere federal interest in uniformity is insufficient to justify displacing state law in favor of a federal common law rule. See O'Melveny & Myers v. FDIC, 512 U.S. 79, 87-88, 114 S.Ct. 2048, 2054-55, 129 L.Ed.2d 67 (1994).
 
 
 3
 Our prior opinion in this matter does not establish a contrary rule. Although we noted the desirability of uniformity in the CERCLA context, our primary reason for adopting a federal common law rule was our concern that allowing state law rules such as the inflexible and easily evaded "identity" rule to control the question of successor liability would defeat the goals of CERCLA.
 
 
 4
 Each of the Kimbell Foods factors supports our decision--there is a significant need for a uniform rule, allowing lenient state law rules to control would defeat federal policy, and we perceive no danger that our decision to adopt a federal rule of "substantial continuity" will unduly upset existing corporate relationships.
 
 
 5
 With this clarification, the petition for rehearing is hereby denied.